UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>MUZAFFAR HUSSAIN,<br><br>        Defendant. | Case No. 13-cr-00408-JST-1<br><br>**ORDER DENYING MOTION FOR BILL OF PARTICULARS**<br><br>Re: ECF No. 36 |

Before the Court is Defendant Muzaffar Hussain's Motion for a Bill of Particulars. ECF No. 36. For the reasons set forth below, the Court will deny the motion

**I.    BACKGROUND**

On July 18, 2013, Defendant was charged by indictment with forty-four criminal counts, including tax evasion, filing a false tax return, willful failure to truthfully account and pay over taxes, and structuring monetary transactions so as to avoid reporting requirements. See ECF No. 1. The indictment arose from what began as a civil investigation of taxes the Defendant allegedly owed as a result of income he earned from his three businesses: (1) Crossroads Home Health Care, Inc. ("Crossroads"), (2) Horizon Home Health Care, Inc. ("Horizon"), and (3) Sunshine Home Health Care, Inc. ("Sunshine"). ECF No. 41 at 1. The United States alleged that Defendant failed to report income from the three businesses on his personal and/or business tax returns, and as for Crossroads, the United States additionally alleged that Defendant failed to truthfully account for and pay to the United States taxes withheld from Crossroads employees. Id.

On March 6, 2015, Defendant filed a Motion for a Bill of Particulars, asking the United States to provide more specific information relating to the charges against him. ECF No. 36. The

1  United States opposes the motion, arguing that the combination of the detail in the indictment and
2  the more than 50,000 pages of discovery provided to Defendant obviate any need for a bill of
3  particulars.  See ECF No. 41.

**II.    LEGAL STANDARD**

Under Federal Rule of Criminal Procedure 7(f), "[t]he court may direct the government to file a bill of particulars" if made "before or within 14 days after arraignment or at a later time if the court permits."[1]  Typically, "[a] motion for a bill of particulars is appropriate where a defendant requires clarification in order to prepare a defense." United States v. Long, 706 F.2d 1044, 1054 (9th Cir. 1983).  A bill of particulars has three purposes:

> to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at the time of trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague, and indefinite for such purposes.

United States v. Giese, 597 F.2d 1170, 1180 (9th Cir. 1979) (quoting United States v. Birmley, 529 F.2d 103, 108 (6th Cir. 1976)).  "To the extent that the indictment . . . provides details of the alleged offense, a bill of particulars is . . . unnecessary." Giese, 597 F.2d at 1180 (quotation omitted).

A defendant "is not entitled to know all the *evidence* the government intends to produce but only the *theory* of the government's case." United States v. Ryland, 806 F.2d 941, 942 (9th Cir. 1986) (emphasis in original) (citing Giese, 597 F.2d at 1181).  Likewise, "a bill of particulars, unlike discovery, is not intended to provide the defendant with the fruits of the government's investigation.  Rather, it is intended to give the defendant only that minimum amount of information necessary to permit the defendant to conduct his *own* investigation." United States v. Hsuan Bin Chen, No. CR 09-110 SI, 2011 WL 332713, at *7 (N.D. Cal. Jan. 29, 2011) (emphasis in original) (citing United States v. Smith, 776 F.2d 1104, 1111 (3d Cir. 1985)).

---

[1] Neither party addresses the timeliness of Defendant's motion, and the Court addresses the motion on the merits.

2

"In determining if a bill of particulars should be ordered in a specific case, a court should consider whether the defendant has been advised adequately of the charges through the indictment and all other disclosures made by the government." United States v. Long, 706 F.2d 1044, 1054 (9th Cir. 1983) (citing Giese, 597 F.2d at 1180). Even where the indictment does not apprise the defendant of the charges against her, "full discovery will obviate the need for a bill of particulars." Long, 706 F.2d at 1054 (citations omitted).

### III. DISCUSSION

Defendant asserts that the indictment does not sufficiently apprise him of the charges against him. He asks the United States to provide more specific information with regard to each grouping of counts identified below. The United States argues that the indictment gives Defendant sufficient notice of the charges against him; and that even if the Court were to conclude otherwise, the discovery the United States has provided thus far in combination with the indictment more than adequately provide the Defendant with notice of the charges against him.[2]

#### A. Count 2

Count 2 of the indictment charges Defendant with tax evasion pursuant to 26 U.S.C. § 7201. That count states, in relevant part, that Defendant:

> did willfully attempt to evade and defeat a part of the income tax due and owing by him to the United States of America for the calendar year 2006, by filing and causing to be filed with the Internal Revenue Service, a false and fraudulent U.S. Individual Income Tax Return, Form 1040. In that false return, it was stated that the net income from his businesses for the 2006 calendar year was $2,590. In fact, as he then and there knew, the net income from his businesses for the 2006 calendar year was higher than the amount reported.

ECF No. 1 at 2. This count identifies the charge against Defendant (tax evasion); the statute the charge is brought under (26 U.S.C. § 7201); the year of Defendant's alleged tax evasion (2006); the false net income Defendant reported on his 2006 income tax return ($2,590); that Defendant

---

[2] After Defendant filed his Motion for a Bill of Particulars, the Court granted Defendant and the United States' motions to dismiss Count 1 of the indictment. See ECF No. 42. Accordingly, the Court does not address Count 1 in this order.

3

1  knew the net income from his businesses was, in fact, higher than what he reported on his 2006
2  tax return; and the elements of tax evasion.  The Court finds that this count adequately advises
3  Defendant of the charges against him, is sufficient to minimize surprise at trial, and is not too
4  vague or indefinite to permit Defendant to "plead his acquittal or conviction in bar of another
5  prosecution for the same offense . . . ."  Giese, 597 F.2d at 1180 (citations omitted).

6       Even if this language were insufficient, the Court finds that the discovery provided by the
7  United States obviates any further need for a bill of particulars.  The United States provided to
8  Defendant his 2006 individual income tax return, bank account records for each of his businesses,
9  and Medicare payment records for payments made to his businesses.  This discovery more than
10  adequately enables Defendant to prepare his defense.

11       Defendant argues that he is entitled to receive the following additional information from
12  the government:  (1) the United States' calculation for the actual net income of Defendant's
13  businesses for each year; (2) the method the United States used to calculate the alleged actual
14  value of Defendant's net income; (3) the specific entries on the 2006 tax return that the United
15  States alleges are false; and (4) the amount, character, and source of the net income generated by
16  each of the businesses allegedly not reported in Defendant's 2006 tax return.  ECF No. 36 at 3-4;
17  see United States v. Ingersoll, No. 14-cr-20216, 2014 WL 5420222, at *7 (E.D. Mich. Oct. 22,
18  2014) ("In criminal income tax cases, a defendant may be granted a bill of particulars as to (i) the
19  specific method the government intends to use to prove the charge; (ii) the computation and
20  calculation of the specific items of income comprising defendant's actual taxable income . . . (iii)
21  the dates, amount, character, and source of the income allegedly received but not reported . . . ;
22  and (4) the specific entries or portions of the relevant tax returns that are allegedly false") (internal
23  citations omitted).

24       As to the first request, the Court notes that nothing requires that "the amount of additional
25  tax due be numerically stated [in the indictment]."  United States v. Buckner, 610 F.2d 570, 573
26  (9th Cir. 1979).  Moreover, the discovery provided by the United States is sufficient to permit
27  Defendant to conduct his own investigation of the actual net income of Defendant's businesses for
28  the year 2006.

1    Defendant's second request is moot, as the United States has disclosed to Defendant that it
2    used the "specific items" method of proof to calculate Defendant's net income for 2006.
3    The United States has also already satisfied Defendant's third request—i.e., to identify
4    which of the entries on his 2006 income tax return is false. The United States alleges that the
5    entry for his net income, $2,590, is false.
6    As to the fourth request—the amount, character, and source of the allegedly unreported net
7    income generated by each of Defendant's businesses—the United States has produced to
8    Defendant Medicare payment records and his businesses' bank records for 2006. Defendant can
9    conduct his own investigation using these documents to identify the amount, source, and character
10   of the net income generated by his businesses in 2006.
11   Defendant's request for a bill of particulars as to count 2 of the indictment is denied.

**B.    Counts 3 and 4**

Counts 3 and 4 of the indictment charge Defendant with tax evasion under 26 U.S.C. § 7201. They state, respectively, that Defendant:

> had and received taxable income in the sum of $658,533 and failed to pay income taxes on it. Upon that taxable income, there was owing to the United States of America an income tax. Well knowing the foregoing facts, and failing to make an income tax return on or before April 15, 2008, as required by law, to any proper officer of the Internal Revenue Service, and pay to the Internal Revenue Service the income tax, MUZAFFAR HUSSAIN, did willfully attempt to evade and defeat the income tax due and owing by him to the United States of America for the 2007 calendar year by concealing and attempting to conceal from all proper officers of the United States of America his true and correct income by under reporting the gross receipts of his S corporations and by causing his corporations to pay his personal expenses including payments for luxury cars, a motor-home, and motorcycles[;]

and

> had and received taxable income in the sum of $227,780. Upon that taxable income, there was owing to the United States of America an income tax. Well knowing the foregoing facts, and failing to make an income tax return on or before April 15, 2009, as required by law, to any proper officer of the Internal Revenue Service, and pay to the Internal Revenue Service the income tax, MUZAFFAR HUSSAIN, did willfully attempt to evade and defeat the income tax

> due and owing by him to the United States of America for the 2008 calendar year by concealing and attempting to conceal from all proper officers of the United States of America his true and correct income by under reporting the gross receipts of his S corporations and by causing his corporations to pay his personal expenses including payments for rent, marriage dissolution obligations, luxury cars, a motor-home, and motorcycles.

ECF No. 1 at 2-3. These counts identify the charges against Defendant (tax evasion); the statute under which the charges are brought (26 U.S.C. § 7201); the respective years of the alleged evasion (2007 and 2008); that Defendant filed to file tax returns for 2007 and 2008; that he failed to report $658,533 and $227,780 in income for the years 2007 and 2008, respectively; the elements of tax evasion; that during 2007 and 2008, Defendant used his S corporation to pay his personal expenses; and what those personal expenses were (e.g. motorcycles, marriage dissolution obligations). The Court finds that these counts sufficiently apprise Defendant of the substance of counts 3 and 4 against him.

But even if these counts were insufficient, the Court finds that the information the United States has provided in discovery more than compensates for any deficiencies. In a bill of particulars, Defendant specifically requests from the United States: (1) whether the allegations in counts 3 and 4 are dependent on the same factual basis as counts 16 and 17; (2) the method by which the United States calculated the value of the allegedly under-reported gross receipts for the S corporation; (3) the luxury cars, motor-home, and motorcycles the United States believes Defendant paid for during 2007 and 2008; and (4) the United States' theory of the relationship between the allegedly under-reported gross receipts and the payments for the luxury cars, motor-home, and motorcycles. ECF No. 41 at 6-7.

As to the first request, the United States has indicated the factual basis for counts 3 and 4—that the income he received from his S corporation, Sunshine, was underreported in 2007 and 2008. From this factual basis, Defendant can assess whether the factual basis for counts 3 and 4 is the same as that for counts 16 and 17.

As discussed above, the United States has already satisfied Defendant's second request by disclosing the method it used to calculate the value of the allegedly under-reported gross receipts from Sunshine.

As for the luxury cars, motor-home, and motorcycles the United States believes that Defendant purchased in 2007 and 2008, the United States has provided Defendant his businesses' bank records and payment records for numerous vehicles. These records identify the dates payments were made and other vehicle-related information. With this information, Defendant can conduct his own investigation into which vehicles the United States believes he used corporate funds to purchase. Defendant could only have purchased a finite number of vehicles during 2007 and 2008, and he should be able to identify what funds were used to purchase those vehicles.

With respect to Defendant's final request, the indictment specifies the relationship between the allegedly under-reported gross receipts from Sunshine and the payments for the vehicles identified in the indictment: the United States believes that Defendant attempted to evade and defeat the income tax he owed during 2007 and 2008 by using funds from his S corporation to purchase certain personal vehicles.

The Court finds that a bill of particulars is not required as to counts 3 and 4 of the indictment.

### C. Counts 5 Through 17

Counts 5 through 17 of the indictment charge Defendant with making and subscribing false tax returns pursuant to 26 U.S.C. § 7206(1). Counts 5 through 9 pertain to Crossroads for the years 2004, 2005, 2006, 2007, and 2008; counts 10 through 12 pertain to Horizon for the years 2004, 2005 and 2006; and counts 13 through 17 pertain to Sunshine for the years 2004, 2005, 2006, 2007, and 2008. See ECF No. 1 at 3-5. The counts specify: (1) the charges against Defendant (making and subscribing false tax returns); the statute under which the charges were brought (26 U.S.C. § 7206(1)); the respective years of the charges; the businesses that correspond to those tax returns; the specific false tax return type (Form 1120 or 1120S); and tables identifying the date of each tax return, the amount of gross receipts reported for each business, and the amount of the allegedly omitted gross receipts for each business and each year. Id. The Court finds that each of these counts provides sufficient information from which Defendant could mount his defense and avoid surprise at trial.

Even if the information provided in these counts was insufficient, the Court finds that the

7

United States has provided sufficient information in discovery to obviate any need for a bill of particulars. Specifically, the United States has provided Medicare payment records and bank account records for each of Defendant's three businesses, as well as the Forms 1120 and 1120S that Defendant submitted during the periods identified in the indictment. Given these documents, Defendant has sufficient information to satisfy his requests for the following specific information: (1) the nature and amounts of each of the gross receipts allegedly omitted from the tax returns for each of the years in question; and (2) the method used to obtain the values that the United States alleges represent the omitted gross receipts.

Defendant has not shown that he is entitled to a bill of particulars as to counts 5 through 17 of the indictment.

### D. Counts 18 Through 35

Counts 18 through 35 of the indictment charge Defendant with willful failure to truthfully account for and pay taxes to the United States in violation of 26 U.S.C. § 7202. See ECF No. 1 at 5-7. These counts state, in relevant part, that Defendant:

> as the owner and corporate officer in charge and responsible person for Crossroads, who was required by the tax laws of the United States to collect, account for and pay over to the Internal Revenue Service federal income taxes and Federal Insurance Contribution Act Taxes from the total taxable wages of employees of Crossroads, did willfully fail to truthfully account for and pay over to the Internal Revenue Service federal income taxes withheld and Federal Insurance Contribution Act taxes due and owing to the United States of America for a period of eighteen quarters from third quarter of 2004 through the fourth quarter of 2008[.]

Id. The indictment then provides a table that lists, for each count, the period in question, the date the applicable tax return was filed, and the unpaid balance of trust fund taxes to be withheld and paid (to the United States). Id. These counts specifically identify: (1) the charges against Defendant (willful failure to truthfully account for and pay over taxes); (2) the statute under which the charges are brought (26 U.S.C. § 7202); (3) the respective tax periods for which Defendant is charged (all eighteen quarters from the third quarter of 2004 until the fourth quarter of 2008); (4) the dates the applicable tax returns were filed; (5) the types of taxes at issue (income and

Federal Insurance Contribution Act taxes); and (6) the amounts, by quarter, that Defendant is alleged to have willfully failed to truthfully account for and pay over to the United States. The Court finds that this information is sufficient to apprise Defendant of the charges represented in counts 18 through 35 of the indictment.

In addition to the information provided above, the United States provided to Defendant copies of payroll service records from a third-party payroll company that Crossroads used; records of Crossroads' bank accounts, including copies of payroll checks to Crossroads employees; Crossroads' general ledger, which includes payroll records from Quickbooks; and Forms 941 (Employer's Quarterly Federal Tax Returns) for each of the charged quarters, with the exception of the Form 941 for the third quarter of 2008 because Crossroads did not file a return for that period.

Defendant's first request for more specific information regarding counts 18 through 35 is a clarification as to whether the United States asserts that Defendant reported the correct amount of payroll taxes but failed to pay those taxes, or whether the United States claims that Defendant failed to report the correct amount of payroll taxes that he owed. In response, the United States points out that the indictment clearly states that Defendant willfully under-reported or failed to report the correct amount of payroll taxes that he owed on the Forms 941 that he submitted to the United States for Crossroads. See ECF No. 1 at 6 (table identifying "unpaid balance of trust fund taxes to be withheld and paid" for each charged quarter). The Court agrees that the indictment is sufficiently clear on this point.

Defendant next asks the United States to provide the source of the values for "unpaid balance of trust fund taxes to be withheld and paid," as those amounts are listed in the table on page 6 of the indictment. The United States responds that it has provided ample discovery from which Defendant can answer this question for himself: Crossroads' bank records (including copies of payroll checks); Crossroads' Quickbooks records; documents provided during Defendant's civil audit; and Forms 941. The United States asserts that nothing more is required of it, but nonetheless has submitted a table in which it provides additional computations for each of counts 18 through 35. The table discloses the count, the period to which the count corresponds, the

9

1 amount of employment tax withheld from employees during each period, and payments applied to
2 the trust fund for each of those same periods. This is ample information from which Defendant
3 can prepare his defense at trial.

4 Defendant's third request related to counts 18 through 35 is for the names of the employees
5 for which the United States alleges that Crossroads failed to account for and pay over income and
6 Federal Insurance Contribution Act taxes. The United States responds that it has provided
7 Defendant with the records that it used to compute the figures in the indictment, including the
8 Forms 941 for the eighteen quarters at issue, Crossroads' bank records containing checks paid to
9 Crossroads' employees, California state payroll records, social security records of Forms W-2 and
10 W-3, and Form W-2 records from search warrants executed in relation to this case. The United
11 States has also already provided Defendant with a list of individual employees for whom it is
12 alleged that he failed to pay taxes. The Court finds that this information exceeds what would be
13 required in a bill of particulars with regard to the indictment in this case.

14 Finally, with respect to counts 18 through 35, Defendant asks for the method the United
15 States used to compute the values listed in the table on page 6 of the indictment. As mentioned
16 above, the United States has disclosed to Defendant that it used the specific item method of proof.
17 For that reason, this request is moot.

18 The Court finds that the Defendant is not entitled to a bill of particulars as to counts 18
19 through 35 of the indictment.

20 **E.    Counts 36 Through 44**

21 Counts 36 through 44 of the indictment charge Defendant with structuring monetary
22 transactions so as to evade reporting requirements in violation of 31 U.S.C. § 5324(a)(3). The
23 counts state, in relevant part, that Defendant:

> did knowingly structure money transactions with a domestic financial institution, Bank of America, N.A., for the purpose of evading the identification and record-keeping requirements of Section 5313(a) of Title 31, United States Code, and the regulations promulgated thereunder, by dividing cash withdrawals involving sums greater than $10,000 into separate withdrawals of less than $10,000 each, with the purpose and intent of keeping each transaction under $10,000 and did so as part of a pattern of illegal

10

activity involving a total of at least $113,000 in a 3-month period[.]
ECF No. 1 at 7. The indictment then provides a table listing, by count, the cash withdrawal dates and cash amount of each transaction that the United States alleges falls into the pattern of illegal structuring of monetary transactions. Id. at 7-8. Thus, counts 36 through 44 specifically identify: the charges against Defendant (structuring); the statute under which the charges are brought (31 U.S.C. § 5324(a)(3)); the domestic financial institution from which the withdrawals were made (Bank of America); that Defendant's purpose was to evade the reporting requirements in 31 U.S.C. § 5313(a); that Defendant divided cash withdrawals of more than $10,000 into separate withdrawals of less than $10,000 each; the total amount of each withdrawal; the date of each withdrawal; and that each withdrawal represented Defendant's intent to keep each transaction under $10,000. The Court finds that this information is more than enough for Defendant to prepare his defense and to minimize surprise at trial, and is certainly not so vague or indefinite as to prevent him from differentiating these counts from any other charges that could be brought against him.

Furthermore, the United States has provided more than enough discovery from which Defendant can, on his own, resolve his two specific requests for more information—i.e., what the United States' theory is as to the relationship between these counts and the offenses charged in counts 1 through 35, and what the basis is for the United States' allegation as to the required showing of the specific intent to circumvent the reporting requirements. The United States has provided bank records, payroll records, a variety of tax forms, and information it collected from Defendant's own admissions to Defendant.

The Court finds that Defendant is not entitled to a bill of particulars to provide the information he has requested in relation to counts 36 through 44 of the indictment.

/ / /
/ / /
/ / /
/ / /
/ / /

11

**CONCLUSION**

For the foregoing reasons, the Court hereby denies Defendant's motion for a bill of particulars.

**IT IS SO ORDERED.**

Dated:  May 15, 2015

_____
JON S. TIGAR
United States District Judge