UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MUZAFFAR HUSSAIN,<br><br>Defendant. | Case No. 13-cr-00408-JST<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISCLOSE ANY AND ALL RECORDS IN CONNECTION WITH THE CRIMINAL INVESTIGATION AND PROSECUTION OF FORMER REVENUE OFFICER WILLIAM WILCOX**<br><br>Re: ECF No. 60 |
|---|---|

Before the Court is Defendant Muzaffar Hussain's Motion for Government to Disclose Any and All Records in Connection with the Criminal Investigation and Prosecution of Former Revenue Officer William Wilcox ("Motion"). ECF No. 60. For the reasons set forth below, this Court hereby will grant the motion in part and deny it in part.

**I.   BACKGROUND**

Defendant is charged in this case with tax evasion, filing a false tax return, willful failure to truthfully account and pay over taxes, and structuring monetary transactions so as to avoid bank reporting requirements. ECF No. 1. Recently, Defendant learned that the primary revenue officer assigned to investigate Defendant's case and collect tax liabilities, William Wilcox ("Wilcox"), was investigated and prosecuted for a criminal offense sometime before or during the criminal investigation in Defendant's case. ECF No. 60 at 1. Wilcox ultimately pled guilty to a misdemeanor of violating 18 U.S.C. section 1905—disclosure of confidential information. Id. Wilcox was sentenced to probation and was dismissed from his job with the IRS. See ECF No. 61 at 1 (citing to United States v. Willie Wilcox, CR-09-00789-WDB).

Defendant filed the present motion, requesting that this Court order the Government to

produce documents related to Wilcox's case, including the IRS investigation report, two compact discs of material gathered during the investigation, and grand jury materials from the investigation.[1] ECF No. 60 at 3. Defendant argues that this information must be produced pursuant to Rule 16 of the Federal Rules of Criminal Procedure, and the rules set forth in Brady v. Maryland, 373 U.S. 83 (1963) (exculpatory material) and United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991) (law enforcement personnel information).[2] Id. at 2. The Government counters that the evidence requested by Defendant is not "material" under Rule 16 or Brady, and that Henthorn does not apply because the Government does not intend to call Wilcox at trial and because the IRS investigation report is not a part of Wilcox's personnel file. The Government further contends that the investigation report is protected by the work product doctrine, and that Defendant has failed to show the particularized need for grand jury materials that would justify disclosure. ECF No. 61.

## II. MOTION TO DISCLOSE

### A. IRS Investigation Report

Defendant has requested that the Government turn over materials related to the IRS's investigation of Wilcox. ECF No. 60 at 2. Specifically, Defendant has identified one report "approximately 1.25 inches thick." Id. at 3.

#### 1. Legal Standard

Under Rule 16, the government must disclose, upon a defendant's request, all "documents . . . if the item is within the government's possession, custody, or control and . . . the item is material to preparing the defense." Fed. R. Crim. P. 16(a)(1)(E). "A defendant must make a threshold showing of materiality, which requires a presentation of 'facts which would tend to show that the Government is in possession of information helpful to the defense.'" United States v. Santiago, 46 F.3d 885, 894 (9th Cir.1995) (citations omitted). "Materiality is a low

---

[1] At one time, the Wilcox investigation file contained additional documents, but these have since been destroyed. ECF No. 61 at 9.

[2] Both the Defendant and the Government make passing mention of the rule in Giglio v. United States, 405 U.S. 150, 154 (1972), which applies the general rule of Brady to material that would impeach Government witnesses, but both parties then go on to analyze the Wilcox investigation materials exclusively under either Brady or Henthorn. The Court follows the parties' lead.

2

threshold . . . . Information is material even if it simply causes a defendant to 'completely abandon' a planned defense and 'take an entirely different path.'" United States v. Hernandez-Meza, 720 F.3d 760, 768 (9th Cir. 2013) (citations omitted).

"Under Brady v. Maryland, 373 U.S. 83, (1963), a defendant [also] has a right to the production of exculpatory evidence in the possession of the government." United States v. Jennings, 960 F.2d 1488, 1490 (9th Cir. 1992). That right "requires the government to turn over any information about its witnesses that could cast doubt upon their credibility." Id. at 1490. Pursuant to its obligations under Brady, the government is obligated "to inspect for material information the personnel records of federal law enforcement officers who will testify at trial." Santiago, 46 F. 3d at 895; see also Henthorn v. United States, 931 F.2d 29, 31 (9th Cir. 1991). Once a defendant makes demand for production, Brady imposes an affirmative obligation on the government to examine the personnel files of testifying government agents from any executive branch agency. Jennings, 960 F.2d at 1490-91. If the government uncovers documents that "contain information that is or may be material to the defendant's case," the documents must be produced. Henthorn, 931 F.2d at 31. If the government is uncertain as to the materiality of the documents, the documents may be submitted to the court for *in camera* review. Id.

### 2. Analysis

The Government argues that Henthorn does not apply to the IRS investigation report on Wilcox for two reasons. First, the Government has not decided to actually call Wilcox as a witness at trial, and the IRS investigation report is not part of Wilcox's personnel file. See ECF No. 61 at 10. The Government also argues it is not required to disclose the investigation report because it is protected as work product under Rule 16 of the Federal Rules of Criminal Procedure. Id. 8-9.

The Court rejects the Government's first argument. At the hearing on the motion, the Government stated that it could foresee calling Wilcox only in very limited circumstances, but could not entirely rule out the possibility. This is a far cry from determining that Wilcox will not

be a witness.[3]  The Court must therefore proceed on the assumption that Wilcox will testify, and that he is subject to the rule in Henthorn.

Turning to the Government's next argument, neither party cites any case authority on the question of whether the Government's Henthorn obligation is limited to personnel files.[4]  The Internal Revenue Service itself, however, directly addresses the issue in its Internal Revenue Manual.  See INTERNAL REVENUE MANUAL ("IRS Manual"), *available at* http://www.irs.gov/irm.  The IRS Manual is the official source of instructions to IRS personnel relating to the organization, administration and operation of the IRS.  IRS Manual § 1.11.1.2.1 (04-24-2014).

Section 9.6.3.7.1.1 of the Manual directly addresses requests pursuant to Henthorn.  It provides that in determining whether such material falls within the government's obligation of inspection and production:

> Impeachment material is generally that which calls into question a witness' honesty, integrity, or impartiality, but it can extend to anything which effects [sic] the credibility and veracity of the testimony offered.  Depending upon the nature of the testimony, it can also include material that calls into question competence, ability, thoroughness, attention to detail, visual or auditory acuity, sobriety, reputation in the community, etc.

Id. at § 9.6.3.7.1.1 (05-15-2008).  The IRS Manual goes on to state that the following eight categories of documents "are relevant to a Henthorn request . . . and must be obtained and examined":

> Official Personnel Files (OPFs)
> Employee Performance files
> Drop files
> Employee Investigative files
> Disciplinary and Adverse Action Investigation files
> Grievance files
> Merit System Protection Board files

---

[3] Defendant concedes that if the Government elects not to call Wilcox as a witness, the Government does not have a duty to disclose under Henthorn.  ECF No. 60 at 11.

[4] In United States v. Santiago, 46 F.3d 885 (9th Cir. 1995), the Ninth Circuit declined to extend Henthorn to prison inmate files, stating that the files were "qualitatively different from government personnel records . . . ."  46 F.3d at 895.  Since the files did not pertain to law enforcement personnel, however, that case provides little guidance here.

4

Equal Employment Opportunity files

Id. Following this guidance, the Court concludes that employee investigative files, such as the IRS Wilcox investigation file, are appropriately discoverable under Henthorn.

Other cases also suggest that the information in the IRS' Wilcox investigation report is likely to be material within the meaning of Henthorn. In United States v. Calise, 996 F.2d 1019 (9th Cir. 1993), the government turned over an ATF agent's personnel file to the district court, which declined to release any portion of it to the defense. Id. at 1021. The Ninth Circuit described one of the personnel records as follows:

> One personnel record, submitted by the government and inspected *in camera* by the court, showed that one ATF agent had, in a previous case, been characterized by a federal magistrate as giving testimony that was "absolutely incredible." The testimony had been an essential part of an ATF prosecution. The government in the present case obtained from the magistrate a written statement undermining his earlier conclusion: "That phrase ['absolutely incredible'] was not what I intended and not what I meant, and I was wrong to use any such terminology."

Id. Notwithstanding the magistrate judge's course reversal, the Ninth Circuit held that the district court erred in denying the defense access to the personnel records, because "the agent's trial testimony in this case might have been differently regarded by the jury if the defense had been able to bring out what was in his file." Id. Given what is known so far about the IRS investigation report, the conduct described and conclusions reached in that report are likely to be at least as germane to the instant prosecution as the ATF personnel file was to the one in Calise.

The Government's next argument, that the report is not discoverable because it is work product, is unavailing. See ECF No. 61 at 8. The Government is correct that Rule 16 of the Federal Rules of Criminal Procedure excludes reports and other internal government documents made "in connection with investigating or prosecuting the case" from disclosure. Fed. R. Crim. P. 16(a)(2). While Defendant may not examine government work product prepared in his *own* case, Defendant may be entitled to examine government work in prosecutions other than his own. See United States v. Armstrong, 517 U.S. 456, 463 (1996).

The Government's final objection is that the IRS investigation report contains grand jury materials that are protected from disclosure. Government attorneys are prohibited from disclosing

"a matter occurring before the grand jury," unless an exception exists. See Fed. R. Crim. P. 6(e)(2)(B)(vi) & (e)(3); United States v. Dynavac, Inc., 6 F.3d 1407, 1411 (9th Cir. 1993). The mere fact that information or documents were provided to the grand jury, however, does not protect those materials from discovery. Dynavac, 6 F.3d at 1411-12. "[I]f a document is sought for its own sake rather than to learn what took place before the grand jury, and if its disclosure will not compromise the integrity of the grand jury process, Rule 6(e) does not prohibit its release." Id.

The Court concludes that the Government's assertion that the report contains grand jury material is not enough to insulate the entire report from production. It appears that Defendant's purpose in requesting the IRS investigation report is not to learn what *took place* before the grand jury, but rather to obtain the information that was *provided* to the grand jury, since it may be material to his defense. When the Government produces the IRS investigation report for *in camera* review, it can identify those portions of the report that it contends should not be produced to the Defendant to maintain grand jury secrecy.

Having concluded that the IRS investigation report falls within the Government's obligation of review and, potentially, production, the Court will now order the Government to produce the report for *in camera* review. The Government must clearly identify any grand jury materials in the body of the report. The Court will review the report and order the disclosure of any relevant portions.[5]

### B.   Compact Discs of Underlying Documents

The Government also possesses two compact discs of material gathered by Treasury Agents during their investigation of Agent Wilcox. No one from the United States Attorney's Office has reviewed the discs in any detail.

The Court concludes that the documents on these discs, which are collateral at best to the IRS investigation report, are not "personnel files" within the meaning of Henthorn. Accordingly, the Government is required to produce the documents only if the Defendant makes "a threshold

---

[5] Where the Government has not discharged its obligation to review personnel records for impeachment material, the appropriate course of action is for the district court to order that the materials be submitted for *in camera* review. Henthorn, 931 F.2d at 31.

showing of materiality, which requires a presentation of 'facts which would tend to show that the Government is in possession of information helpful to the defense.'" Santiago, 46 F.3d at 894 (citing United States v. Mandel, 914 F.2d 1215, 1219 (9th Cir.1990)). "Neither a general description of the information sought nor conclusory allegations of materiality suffice." Id.

Here, the Defendant acknowledges that he cannot state with any confidence that the materials on the compact discs will aid in his defense. Accordingly, the Court will deny this request without prejudice. If the IRS investigation report is produced to the Defendant in whole or in part following the Court's *in camera* review, and that report sheds additional light on the materiality of the compact disc material, the Defendant can file a new motion.

### C. Grand Jury Materials

The Defendant also requests the grand jury materials related to the Wilcox investigation, including grand jury transcripts and the exhibits presented to grand jury. See ECF No. 60 at 11-12.

#### 1. Legal Standard

With certain exceptions, Rule 6(e) imposes a general rule against disclosure of matters "occurring before the grand jury." Fed. R. Crim. P. 6(e)(2). The court, within its discretion, may authorize disclosure of a grand jury matter "at a time, in a manner, and subject to any other conditions that it directs" that is "preliminarily to or in connection with a judicial proceeding." Fed. R. Crim. P. 6(e)(3)(E)(i). The Supreme Court has "consistently construed the Rule, however, to require a strong showing of particularized need for grand jury materials before any disclosure will be permitted." United States v. Sells Eng'g, 463 U.S. 418, 442-443 (1983). This showing of "particularized need"[6] requires that the party requesting disclosure show that the material sought is necessary to "avoid possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only

---

[6] Although there is no strict definition for "particularized need," the Supreme Court has stated that a showing of particularized need typically occurs when the grand jury transcript is used "to impeach a witness, to refresh his recollection, to test his credibility and the like." Douglas Oil Co. of California v. Petrol Stops Nw., 441 U.S. 211, 222 n.12 (1979). See also Petrol Stops Nw. v. Continental Oil Co., 647 F.2d 1005, 1009 (9th Cir. 1981).

7

material so needed." Id. at 443 (quoting Douglas Oil Co. of California v. Petrol Stops Nw., 441 U.S. 211 (1979)).  After the termination of a grand jury investigation, "only 'institutional' concerns are implicated by the documentary disclosure." Dynavac, 6 F.3d at 1411.

### 2. Analysis

Defendant has not satisfied his burden of demonstrating a "particularized need" for the grand jury materials he seeks.  Instead, he offers only speculation that such material might be helpful.  ECF No. 60 at 14.  A party seeking disclosure must offer more than speculation to overcome the secrecy of the grand jury.  See United States v. Walczak, 783 F.2d 852, 857 (9th Cir. 1986).

Walczak is instructive.  In that case, a defendant sought discovery of grand jury proceedings to aid him in a motion to dismiss the indictment.  Id. at 852.  One reason the defendant requested the grand jury transcript was to determine whether officers' testimony before the grand jury improperly summarized the testimony of other agents.  Id. at 857.  The defendant, however, alleged no facts regarding the grand jury proceedings that might be helpful to his defense.  The Ninth Circuit held that defendant's claim failed to meet the "particularized need" standard because it was speculative.  Id.

Although the present case differs from Walczak in that the grand jury information sought by Defendant is not from his own grand jury proceeding, his request is similarly speculative.  Defendant himself acknowledges that "without knowing more about the nature and expanse of Wilcox's criminal activity, Mr. Hussain cannot ascertain the impact such information would have on his ability to prepare a defense."  ECF No. 60 at 14.  Even with a lessened need for secrecy now that the Wilcox grand jury proceedings are concluded, Defendant still bears the burden of justifying disclosure.  Speculation does not meet this burden.

The Court declines to order the production of materials from Wilcox grand jury proceedings, such as transcripts and exhibits.

## CONCLUSION

For these reasons, the Court GRANTS IN PART AND DENIES IN PART Defendant's motion to compel discovery.  Defendant's motion to compel disclosure of the Wilcox IRS

1  investigation report is GRANTED IN PART.  The Court orders the Government to submit the IRS
2  investigation report of Willie Wilcox for *in camera* review by August 17, 2015.  The Government
3  shall clearly indicate which portions of that report, if any, it believes to constitute confidential
4  grand jury information.  The Court will thereafter order production to the Defendant of all or part
5  of the IRS investigation report, as appropriate.  Defendant's motion to compel disclosure of the
6  Wilcox compact disc materials and related grand jury materials is DENIED.

**IT IS SO ORDERED.**

Dated:  August 4, 2015

_____
JON S. TIGAR
United States District Judge