UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MUZAFFAR HUSSAIN,<br><br>Defendant. | Case No. 13-cr-00408-JST-1<br><br>**ORDER REGARDING PRODUCTION OF <u>HENTHORN</u> MATERIALS AND PROTECTIVE ORDER** |

The Court has reviewed the IRS Wilcox investigation file, which the Government produced on August 12, 2015 pursuant to the Court's order of August 4, 2015. ECF No. 67. The Court orders the Government to produce the report in its entirety to counsel for the Defendant, except for pages 33, 52, 128, and the redacted portion of page 85. These pages contain irrelevant, confidential information of third parties. Moreover, any relevant information that these pages do contain is also contained on pages that will be produced.

The Government designated several other pages of the report, or portions of pages, as "grand jury material." As the Court previously noted, however, the mere fact that information or documents were provided to the grand jury does not necessarily protect those materials from discovery. <u>United States v. Dynavac, Inc.</u>, 6 F.3d 1407, 1411-12 (9th Cir. 1993). "[I]f a document is sought for its own sake rather than to learn what took place before the grand jury, and if its disclosure will not compromise the integrity of the grand jury process, Rule 6(e) does not prohibit its release." <u>Id.</u> As to any pages other than those the Court has ordered withheld from production, the Court concludes that disclosure will not compromise the integrity of the grand jury process.

Production of the IRS Wilcox investigation file is subject to the terms of the protective order set forth in Exhibit A. The Court will modify the terms of the protective order for good cause shown,

1  either by stipulation of the parties or on motion.

2  **IT IS SO ORDERED.**

3  Dated: August 19, 2015

4  _____
JON S. TIGAR
5  United States District Judge

**EXHIBIT A:  PROTECTIVE ORDER**

(1) As used in this order, the word "Defendant" means the defendant; defense counsel actively representing the defendant in this case; and partners, associates, secretaries, paralegal assistants, and employees of defense counsel, but only to the extent reasonably necessary to render professional services in this case.  The words "Confidential Material" mean IRS Wilcox investigation file, and such other materials as the parties may agree in writing are subject to this order.

(2) Defendant is to treat as confidential all Confidential Material that is produced or made available for use in preparing for trial of this case.

(3) Defendant and any person to whom any Defendant or the United States discloses Confidential Material, as permitted by this Order, must be shown a copy of this Order and be informed that such material is confidential and must be treated as such.

(4) Defendant, any person to whom Defendant discloses Confidential Material, and any person to whom the United States discloses Confidential Material, shall not make any further disclosure of the Confidential Material, except as provided herein, absent further order of this Court.

(5) The Confidential Material, including all copies thereof, may be disclosed by Defendant to another person only for the purpose of assisting Defendant in preparing a defense in this case, and may be disclosed by the attorneys for the United States only for the purpose of assisting the United States in preparing its prosecution or complying with its discovery obligations in this case. Only as much of the materials as may be useful for such purpose may be disclosed by the attorneys for the United States or the Defendant.  Defendant and those persons to whom he discloses Confidential Material in accordance with this Order shall not make any copies of the material, reveal the contents of the material, or use the information contained therein, for any purpose other than preparing a defense in this case.  The persons to whom the United States discloses Confidential Material in accordance with this Order shall not make any copies of the material, reveal the contents of the material, or use the information contained therein, for any purpose other than assisting the United States in preparing for prosecution or complying with its

1 discovery obligations in this case.

2 (6) All Confidential Material, and any copies thereof, disclosed to Defendant or third parties shall be returned to defense counsel at the earliest of: (a) the end of this case and any appeals; or (b) such time as it is no longer necessary for the person to possess such material. At the end of this case and any appeals, defense counsel shall certify in writing to attorneys for the United States that they have received all Confidential Material and copies that were given to the Defendant or third parties. Also at that time, defense counsel shall either destroy all Confidential Material or return it to attorneys for the United States. If defense counsel elect to destroy any Confidential Material rather than return it to the attorneys for the United States, they shall certify in writing to the attorneys for the United States that such material has been destroyed.