1

2

3

4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7   UNITED STATES OF AMERICA,                Case No.  13-cr-00408-JST

            Plaintiff,

8
                                             **ORDER DENYING DEFENDANT'S**
9        v.                                  **MOTION TO DISMISS THE ORIGINAL**
                                             **INDICTMENT; DENYING**
10  MUZAFFAR HUSSAIN,                         **DEFENDANT'S MOTION TO DISMISS**
                                             **COUNTS 20-22 OF THE SUPERSEDING**
            Defendant.                        **INDICTMENT**
11
                                             Re: ECF Nos. 80, 86
12

13          Before the Court are Defendant Muzaffar Hussain's Motion to Dismiss the Original

14  Indictment with Prejudice and Motion to Dismiss Counts 20-22[1] of the Superseding Indictment

15  with Prejudice.  The Court will deny both motions.

16  **I.      BACKGROUND**

17          On June 25, 2013, the Government indicted Defendant for the following offenses:  tax

18  evasion based on his personal tax returns in violation of 26 U.S.C. section 7201 (counts 1-4);

19  filing false tax returns in violation of 26 U.S.C. section 7206(1) for underreporting gross receipts

20  from his Cross Roads Home Health Care for 2004, 2005, 2006, 2007, and 2008 (counts 5-9); filing

21  false tax returns in violation of 26 U.S.C. section 7206(1) for underreporting gross receipts for

22  Horizon Home Health Care for 2004, 2005, and 2006 (counts 10-12); filing false tax returns in

23  violation of 26 U.S.C. section 7206(1) for underreporting gross receipts for Sunshine Home

24  Health Care for 2004, 2005, 2006, 2007, and 2008 (counts 13-17); willfully failing to truthfully

25  account for and pay over taxes in violation of 26 U.S.C. section 7202 (counts 18-35); and

26

27  ─────────────────────────
    [1] After Defendant filed the motion to dismiss counts 14-22 of the superseding indictment, the
28  Government requested leave of the Court to dismiss counts 14-19 of the superseding indictment.
    See ECF No. 102.  The Court granted leave to dismiss counts 14-19.  ECF No. 103.

United States District Court
Northern District of California

structuring transactions to evade reporting requirements in violation of 31 U.S.C. section 5324(a)(3) (counts 36-44).  ECF No. 1.

On March 20, 2015, the Court granted leave to the Government to dismiss count one of the indictment, which charged Defendant with tax evasion with respect to his 2005 federal income tax return, without prejudice.  ECF No. 42.

On May 19, 2015 the Court granted Defendant's motion to sever counts 1-35 and counts 36-44 of the indictment and ordered separate trials.  ECF No. 59.

On July 30, 2015, the Government filed a superseding indictment with the following counts: filing false tax returns in violation of 26 U.S.C. § 7206(1) for underreporting gross receipts for Cross Roads Home Health Care for 2004, 2005, 2006, 2007, and 2008 (counts 1-5); filing false tax returns in violation of 26 U.S.C. § 7206(1) for underreporting gross receipts for Horizon Home Health Care for 2004, 2005, and 2006 (counts 6-8); filing false tax returns in violation of 26 U.S.C. § 7206(1) for underreporting gross receipts for Sunshine Home Health Care for 2004, 2005, 2006, 2007, and 2008 (counts 9-13); willfully failing to truthfully and account for and pay over taxes in violation of 26 U.S.C. § 7202 (counts 14-31); and structuring transactions to evade reporting requirements in violation of 31 U.S.C. § 5324(a)(3) (count 32).  ECF No. 66.  The superseding indictment differs from the original indictment in only two respects: the superseding indictment eliminates the tax evasion charges (counts 1-4 in the original indictment) and consolidates the structuring charges (counts 36-44 in the original indictment) into a single count.

On October 27, 2015, the Government requested leave to dismiss counts 14-19 of the superseding indictment.  ECF No. 102.  The Court granted leave to dismiss counts 14-19 without prejudice.  ECF No. 103.

The Court now considers two motions filed by the Defendant: first, the motion to dismiss the original indictment with prejudice (ECF No. 86), and second, the motion to dismiss counts 20-22 of the superseding indictment (ECF No. 80). [2]

_____

[2] Defendant also filed a third motion, requesting an evidentiary hearing pursuant to <u>Franks v. Delaware</u>, 438 U.S. 154 (1978), which the Court addressed in a separate Order.

United States District Court
Northern District of California

## II.    MOTION TO DISMISS THE ORIGINAL INDICTMENT WITH PREJUDICE

Defendant argues that he is prejudiced by having two outstanding indictments against him such that the Court should dismiss the original indictment with prejudice.  ECF No. 86.  The Government maintains that it intends to proceed on the superseding indictment but argues that dismissing the original indictment with prejudice would prevent the United States from potentially bringing tax evasion charges in the future.  ECF No. 100.

### A.    Legal Standard

After the filing of a superseding indictment, the original indictment remains pending until it is formally dismissed or jeopardy attaches.  United States v. Hickey, 580 F.3d 922, 930 (9th Cir. 2009); see also United States v. Pacheco, 912 F.2d 297, 305 (9th Cir. 1990).  "[T]he government customarily moves to dismiss the original pleading" upon filing the superseding indictment.  24 MOORE'S FEDERAL PRACTICE CRIMINAL PROC. § 607.06.  Absent prejudice to the accused, however, "the [g]overnment may have two indictments outstanding against an accused at the same time."  United States v. Holm, 550 F.2d 568, 569 (9th Cir. 1977) (per curiam), cert. denied, 434 U.S. 856 (1977).  The government may then "elect to proceed on any pending indictment, whether it is the most recently returned superseding indictment or a prior indictment."  Hickey, 580 F.3d at 930.

### B.    Discussion

Defendant argues that he faces prejudice because two indictments remain pending.  ECF No. 86.  Defendant expresses concern that the indictments may be joined in the future under Rule 13 of the Federal Rules of Criminal Procedure and that he is deprived of the opportunity to know against which charges he is expected to defend.  ECF No. 86 at 4.  Defendant also argues that the Government's purpose in maintaining the tax evasion charges in the original indictment but omitting them from the superseding indictment is to "hide the ball" from Defendant.  Id. at 5.  Finally, Defendant contends that should the Government choose to proceed on the original indictment at some future date, this would be tantamount to prosecutorial harassment.  ECF No. 104 at 4–5.

Defendant has not established that the pendency of two indictments prejudices him.

3

1    Defendant is not facing an uncertain landscape since, as Defendant concedes, the Government has

2    made clear that it intends to proceed to trial on the superseding indictment and not the original

3    one.  ECF No. 104 at 3.  And Defendant also concedes that the evidence supporting the two

4    indictments largely overlaps, id. at 2 (noting that "[i]t is clear that this [amending of the

5    indictment] was done for legal reasons, and not evidentiary ones"), so there is not likely to be a

6    dramatic difference in preparation.  As Defendant notes, the superseding indictment mostly

7    "mirrors the original indictment," ECF No. 86 at 3, and references the same tax period and

8    conduct.  The trial in this case will not begin until July.

9        Defendant also raises the specter of future prejudice if he is acquitted on the superseding

10   indictment but the Government persists in pursuing charges in the original indictment.  Without

11   commenting on the likelihood of such an event, it is enough to say that if a subsequent prosecution

12   would be barred by the Double Jeopardy Clause, then Defendant can make that point at the

13   appropriate time.  United States v. Vavlitis, 9 F.3d 206, 209 (1st Cir. 1993) ("A defendant may use

14   the Double Jeopardy Clause to prevent reprosecution following an acquittal or conviction on a

15   superseding indictment, but may not rely on the notion that a superseding indictment

16   instantaneously nullifies the original indictment.").

17       Because "the government may elect to proceed on either the original or superseding

18   indictment," Hickey, 580 F.3d at 930, and the Defendant has not established prejudice from the

19   continuing pendency of the original indictment, Defendant's motion to dismiss the original

20   indictment is denied.

21   **III.    MOTION TO DISMISS COUNTS 20-22 OF THE SUPERSEDING INDICTMENT**

22       Employers are required to account for and withhold employee Federal Insurance

23   Contribution Act (Medicare and social security) taxes and income tax, and to pay over the

24   withheld amounts to the United States.  See 26 U.S.C. §§ 3102(a), 3102(b), 3402, 3403.  Counts

25   14-22, brought under 26 U.S.C. section 7202, charge Defendant with the willful failure to account

26   for and pay over such taxes for employees at Cross Roads Home Health Care.  See ECF No. 66 at

27   3–4.

28       Defendant moves to dismiss counts 20-22 of the superseding indictment, arguing that the

4

Government filed these counts outside of the applicable statute of limitations.   ECF No. 80.[3]

Each count of the indictment represents a separate quarter, as set forth in the following table:

| Count | Period | Date Return Filed[4] | Employee Portion of Unpaid Trust Fund Taxes |
|-------|--------|----------------------|---------------------------------------------|
| 20 | Q1 2006 | 3/20/08 | $18,614.45 |
| 21 | Q2 2006 | 3/20/08 | $22,359.98 |
| 22 | Q3 2006 | 3/20/08 | $22,988.42 |

See ECF No. 66.

At issue is when the statute of limitations begins to run.  The Defendant argues that the triggering date is the due date of the employer's return and payment, which the last day of the month that follows the end of each quarter in which the taxes were collected.  The Government argues it is April 15 of the year after the year for which the employment taxes are due.

### A.     Legal Standard

26 U.S.C. section 6531 sets forth the statute of limitations for criminal tax prosecutions. Section 6531(4) applies a six-year statute of limitations period "for the offense of willfully failing to pay any tax, or make any return (other than a return required under authority of part III of

---

[3] Defendant originally moved to dismiss counts 14-22 of the superseding indictment, but the Court subsequently granted leave to the Government to dismiss counts 14-19.  ECF No. 103.

[4] The Certified Account Transcripts submitted by the government describe this column of dates as the date that Defendant filed *duplicate* Form 941 returns.  See ECF No. 101, Ex. 2.  The government's opposition brief includes a table with a column of dates that Defendant *originally* filed his Forms 941:

| Count | Period | Date Original 941 Filed |
|-------|--------|-------------------------|
| 20 | Q1 2006 | 5/16/2006 |
| 21 | Q2 2006 | 8/14/2006 |
| 22 | Q3 2006 | 10/31/2006 |

See ECF No. 98 at 2.  The Certified Account Transcripts describe these dates as the return due dates or return received date (whichever is later).  See ECF No. 101, Ex. 2.  Defendant argues that the government's submission of the Certified Account Transcripts is impermissible because "the district court is bound by the four corners of the indictment."  ECF No. 105 at 6 (quoting United States v. Boren, 278 F.3d 911, 914 (9th Cir. 2002)).  While the Court must accept the truth of the allegations when deciding a motion to dismiss an indictment for failure to state an offense, this type of motion is "[u]nlike pre-trial motions to dismiss premised on other grounds."  Boren, 278 F.3d at 914.  Here, the Court is not determining whether to dismiss the indictment for failure to state an offense, but rather whether the indictments fall outside of the applicable statute of limitations.  Accordingly, the Court is not restricted to the "four corners of the indictment."

United States District Court
Northern District of California

subchapter A of chapter 61) at the time or times required by law or regulations."  26 U.S.C.

section 6531(4).  Section 6531(4) applies to section 7202 offenses; accordingly, section 7202

offenses are subject to a six-year statute of limitations.  United States v. Gilbert, 266 F.2d 1180,

1186 (9th Cir. 2001).  In determining when the limitations period begins, section 6531 states that

limitations period begins "after the commission of the offense" and incorporates by reference the

rules of section 6513.  26 U.S.C. § 6531 ("For the purpose of determining the periods of limitation

on criminal prosecutions, the rules of section 6513 shall be applicable.")

Section 6513 describes the time a return is deemed filed and a tax considered paid.

Specifically, section 6513(c) addresses the "Return and Payment of Social Security Taxes and

Income Tax Withholding" as follows:

> Notwithstanding subsection (a), for purposes of section 6511 with respect to any tax imposed by chapter 3, 4, 21, or 24—
>
> (1) If a return for any period ending with or within a calendar year is filed before April 15 of the succeeding calendar year, such return shall be considered filed on April 15 of such succeeding calendar year; and
>
> (2) If a tax with respect to remuneration or other amount paid during any period ending with or within a calendar year is paid before April 15 of the succeeding calendar year, such tax shall be considered paid on April 15 of such succeeding calendar year.

26 U.S.C. § 6513(c).

**B.    Discussion**

The Government filed the original indictment on June 25, 2013, and because counts 20-22

in the superseding indictment were alleged in the original indictment, the statute of limitations has

been tolled since the date of filing the original indictment.  See Hickey, 580 F.2d 922.  During the

investigation period, the parties also stipulated to toll the statute of limitations period "for all

charges that could be brought related to any criminal tax matters arising from the years 2004,

2005, 2007, 2008, and 2009" from December 14, 2012, through June 14, 2013.  See ECF No. 101,

Ex. 1.

At dispute is the event or act that triggered the statute of limitations period.  Defendant

argues that the limitations period begins to run on the date when the employer's return and

payment become due.  See ECF No. 80 at 3.  Under this theory, the limitations period for counts 20-22 expired prior to December 14, 2012 and counts 20-22 were untimely brought.  Id. at 8.  The Government contends that the statute begins to run on April 15 of the calendar year after the year the Forms 941 were filed.  ECF No. 98 at 4.  Under this argument, counts 20-22 were timely brought.  Id.  The Ninth Circuit has not squarely addressed the issue.

Defendant relies heavily on the reasoning of United States v. Creamer, 370 F. Supp. 2d 715 (N.D. Ill. 2005) to bolster his argument.[5]  In Creamer, the defendant was charged with bank fraud and tax violations and sought to dismiss the charges brought under section 7202 as untimely. Id. at 723–24.  The defendant had not filed any returns or paid over any taxes.  The court first decided that the violation was subject to a six-year statute of limitations and then analyzed when the offense occurred.  Id. at 724.  Because the defendant had filed no returns and paid no tax payments, and because the offense focused on the obligations of the employer and not the employee, the court determined that section 6513 did not apply in determining the statute of limitations period.  Id. at 726.  Referring back to section 6531 instead, the court concluded that "a section 7202 offense is committed and completed when the employer fails to pay over withholding taxes, and not when the employee files his taxes."  Id. at 727.  The court further pointed out that this construction made sense because the government charged the defendant with fourteen separate violations under section 7202 corresponding to quarterly payments, rather than yearly payments. Id.  The court then dismissed two counts as untimely.  Id. at 728.  Upon reconsideration, however, the court vacated the opinion and order with respect to dismissal of those counts on statute of limitation grounds and reinstated the two counts.  United States v. Creamer, No. 04 CR 281-1, 2006 WL 2037326, at *1 (N.D. Ill. Apr. 4, 2006).

The Government cites to United States v. Whatley, No. 2:09CR531DAK, 2010 WL 1236401 (D. Utah Mar. 29, 2010), to argue that April 15 of the succeeding year provides the correct starting date.  In Whatley, the defendant was charged in a five count indictment for tax violations, including under section 7202.  Id. at *1.  Applying section 6513(c), the court

---

[5] Creamer was partially vacated, and Defendant relies on the case only for the persuasive force of its analysis.

United States District Court
Northern District of California

1    determined that "an employment tax return is deemed filed on April 15 of the succeeding calendar

2    year." Id. at *2.  Thus, the court concluded that the indictment was timely brought within the six-

3    year statute of limitations period.  Id.

4         Unlike the defendant in Creamer, Defendant in this action filed the quarterly Forms 941 for

5    the first, second, and third quarters of 2006.  See ECF No. 101, Ex. 2.  The court in Creamer

6    explicitly declined to apply section 6513 because the defendant had not filed returns or made

7    payments.  See Creamer, 370 F. Supp. 2d at 726 ("No return was filed here, so section 6513(c)(1)

8    does not apply, and no payments were made, which makes sections 6513(c)(2) and 6513(e)

9    irrelevant.").[6]  Here, because Defendant filed 941 forms for first, second, and third quarters of

10   2006, the Court applies section 6513(c) to determine when the returns are deemed filed.

11        Defendant argues that section 6513(c) is still inapplicable because it begins with the

12   following language: "Notwithstanding subsection (a), for purposes of section 6511 with respect to

13   any tax imposed by chapter 3, 4, 21, or 24 . . . ".  See ECF No. 105 at 3.  On the strength of this

14   language, Defendant argues that section 6513(c) applies only to statute of limitation periods under

15   section 6511, which governs claims for credit or refund of the overpayment of any tax, and cannot

16   apply to an offense under section 7202.  Every subsection for section 6513, except for subsection

17   (d), however, begins with the limiting clause "for the purposes of section 6511" or "for the

18   purposes of section 6511 or 6512."  Subsection (d) applies only to the overpayment of income tax

19   credited to estimated tax.  If section 6513 were limited in the manner suggested by Defendant,

20   section 6531, which states that "the rules of section 6513 shall be applicable," would be

21   inoperative.  See Corley v. United States, 556 U.S. 303, 314 (2009) ("[a] statute should be

22   construed so that effect is given to all its provisions, so that no part will be inoperative or

23   superfluous, void or insignificant . . . .") (quoting Hibbs v. Winn, 542 U.S. 88, 101 (2004)).

24        Under section 6513(c), the returns for the period "ending with or within a calendar year is

25

26   _____

27   [6] As previously noted, the Creamer court subsequently vacated its decision.  A review of the
     Government's motion for reconsideration, which the Creamer court granted as a predicate to
     vacating its earlier decision, noted that the court had previously erred in concluding that no returns
28   had been filed or taxes paid.  See United States v. Creamer, Case No. 04-CR-0281, ECF No. 44 at
     3 (motion) (N.D. Ill. Mar. 30, 2006).

United States District Court
Northern District of California

filed before April 15 of the succeeding calendar year" are considered "filed on April 15 of such succeeding calendar year."  26 U.S.C. § 6513(c)(1).[7]  Count 20 relates to the 941 Form filed on May 16, 2006 for the first quarter of 2006; count 21 to the 941 Form filed on August 14, 2006 for the second quarter of 2006; and count 22 to the 941 Form filed on October 31, 2006 for the third quarter of 2006.  Under section 6513(c)(1), the limitation period for the three counts began to run on April 15, 2007 – the succeeding calendar year.  Under the six-year limitations period, the charges should have been brought by April 15, 2013.  However, the parties agreed to toll the statute of limitations from December 14, 2012, through June 14, 2013.  See ECF No. 101, Ex. 1.  The indictment was filed on June 25, 2013, and accordingly, counts 20-22 were timely brought.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss the original indictment and Defendant's motion to dismiss counts 20-22 of the superseding indictment are denied.

IT IS SO ORDERED.

Dated:  January 22, 2016

_____
JON S. TIGAR
United States District Judge

United States District Court
Northern District of California

---

[7] Defendant also argues that it is illogical to apply section 6513(c) to section 7202 offenses when the taxpayer files 941 forms because this results in different triggering events for the taxpayer who files the return and the taxpayer who does not file the return.  Defendant points out that under the government's argument, if a taxpayer paid over taxes or filed a return, then the statute of limitations begins to run on April 15 of the succeeding year.  However, if a taxpayer fails to pay over taxes or file a return, then the statute of limitations begins to run on the date on which those taxes become due.  ECF No. 105 at 2.  The Court agrees that this outcome may appear unfair.  However, this result is compelled by the language of the statute.  Section 6513(c), which section 6531 incorporates by reference, states that if a return with respect to employment taxes for any period ending with or within a calendar year is filed before April 15th of the succeeding calendar year, the return is considered filed on April 15th of that following calendar year.  Thus, the six year limitations period as to a Form 941 actually filed for a reporting period during a calendar year runs from April 15th of the succeeding year.