DAVID J. COHEN, ESQ.
California Bar No. 145748
JASON T. CAMPBELL, ESQ.
California Bar No. 255445
**BAY AREA CRIMINAL LAWYERS, PC**
300 Montgomery Street, Suite 660
San Francisco, CA 94104
Telephone:  (415) 398-3900

Attorneys for Defendant **Muzaffar Hussain**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. CR-13-408-JST |
| ) | |
| Plaintiff, ) | |
| ) | **MR. HUSSAIN'S MOTIONS *IN LIMINE*** |
| v. ) | |
| ) | |
| MUZAFFAR HUSSAIN, ) | Date:   June 10, 2016 |
| ) | Time:   2:00 p.m. |
| Defendant. ) | Ctrm:   2 |
| ) | |

**I.[1]**

**MOTION TO EXCLUDE EVIDENCE OF: (1) ALLEGED AND UNPROVEN PAYROLL TAX CRIMES FROM TAX YEARS 2004 AND 2005, WHICH ARE OUTSIDE THE STATUTE OF LIMITATIONS; (2) ALLEGED FAILURE TO ACCOUNT FOR AND PAY OVER TAXES TO THE STATE OF CALIFORNIA DURING THE TAX YEARS 2004 TO 2008; AND (3) EVIDENCE FROM 2005 THROUGH MAY 2010 RELATED TO THE STRUCTURING COUNTS**

On May 5, 2016, the Government filed its Notice of Rule 404(b) Evidence ("Notice"). It's unclear whether the Government will seek a preliminary ruling from this Court as to the

---

[1] Mr. Hussain is, in good faith, and as diligently as possible given the enormity and complexity of this matter, seeking to comply with this Court's standing order and the Criminal Local Rules. It is Mr. Hussain's understanding that this Court's standing order requires motions *in limine* to be filed 14 days prior to the pretrial conference. We are, therefore, timely filing these motions 15 days before the scheduled pretrial conference. However, there may, and likely will be, additional motions *in limine* which Mr. Hussain will seek to file prior to entering the course of the trial.

admissibility of the evidence identified in the Notice. Mr. Hussain, therefore, moves to prohibit the Government from presenting this evidence at trial, and requests a *Fed. R. Evid. 104* hearing outside the presence of the jury on this proposed evidence.

In its Notice, the Government identified three general categories of evidence it intends to rely upon at trial, all of which pertains to acts that occurred outside the statute of limitations period for the charged offenses. As to each, the Government argues, first and foremost, that the prior acts were "inextricably intertwined" with those charged in the case and, therefore, *Rule 404(b)* is inapplicable. Alternatively, the Government also moves to admit the evidence under *Rule 404(b)*. For the reasons described below, the Government's arguments fail under both theories.

    A.    The Government has not identified any viable theory for the admission of evidence pertaining to uncharged and unproven conduct related to the payroll tax allegations from 2004 and 2005; the evidence should also be excluded under *Rule 403*.

        1.    <u>The evidence is not inextricably intertwined with the charged conduct and is not admissible under *Rule 404(b)*.</u>

The Government previously agreed with Mr. Hussain, as did this Court, that the statute of limitations precludes the Government from charging Hussain with alleged payroll tax violations prior to the 2006 tax year. *See* Dkt. 80, 102, 103. Nevertheless, the Government now seeks to present evidence of these purported offenses at trial, arguing that the 2004-2005 conduct is "inextricably linked" to the charged conduct (*see* Dkt. 122 at 2), which covers the years from 2006 through the end of 2008. *See* Dkt. 66 (Cts. 20-31).

As the Government correctly points out in its Notice, there are two categories of "inextricably intertwined" evidence: (1) evidence that "constitutes a part o the transaction that serves as the basis for the criminal charge" or (2) evidence that is necessary to "offer a coherent and comprehensible story regarding the commission of the crime." Dkt. 122 at 2:8-12 (quoting *United States v.*

Mr. Hussain's Motions *in Limine*
*U.S. v. Hussain;*
Case No. CR-13-408-JST     2

*DeGeorge*, 380 F.3d 1203, 1220 (9th Cir. 2004).) The Government has failed to describe how the 2004-2005 conduct falls within either of these two categories.

The Government argues that the 2004-2005 evidence "demonstrates a pattern of Hussain's failure to account for and pay over taxes." Dkt. 122 at 2:21-22. The Government's assertion that the unproven conduct from 2004 and 2005 demonstrates a pattern of misconduct is a thinly disguised misuse of the evidence "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." *Fed. R. Evid. 404(b)(1)*. Essentially, the Government suggests that, if it proves the violations in 2004 and 2005, these prior violations will provide further proof of the current charges—an unacceptable use of the evidence.

The allegations against Hussain all relate to discrete offenses. Even assuming the allegations are true, each quarter reflects a separate and distinct crime. There is no ongoing offense to which the 2004 and 2005 tax years are inextricably linked. From a factual standpoint, the 2004 and 2005 tax years also bear no relationship to the charged offenses such that it is necessary "to offer a coherent and comprehensible story regarding the commission of the crime." The Government has made no showing as to any specific narrative thread connecting the different offenses. Nor has the Government demonstrated that its case will suffer any narrative deficiency by not presenting evidence pertaining to the years outside the statute of limitations.

The Government also claims, in a purely conclusory manner, that the 2004-2005 evidence is material to show the element of willfulness. Dkt. 122 at 2-3. The Government contends that willfulness can be "inferred from evidence of a consistent pattern of not properly accounting for and not paying over these taxes." Dkt. 122 at 3:1-2. This overlooks the fact that the 2004-2006 offenses are indistinguishable from the charged ones in that they all require a showing of willfulness. There is nothing distinctive about the 2004-2005 tax years that would provide greater insight into Hussain's

mental state related to the charged counts.

Alternatively, the Government asserts that the evidence should be admitted under *Rule 404(b)*. "Before evidence of prior criminal conduct may be admitted for these other purposes, the following prerequisites must be met: (1) proof that the defendant committed the other crime must be clear and convincing; (2) the prior criminal conduct must not be too remote in time from the commission of the crime charged; (3) the prior criminal conduct must, in some cases, be similar to the offense charged; and (4) the prior criminal conduct must be introduced to prove an element of the charged offense that is a material issue in the case." *United States v. Bailleaux*, 685 F.2d 1105, 1109-1110 (9th Cir. 1982).

The 2004 and 2005 allegations do not meet the standard articulated above. First, the Government would need to prove the allegations by clear and convincing evidence, as opposed to the beyond a reasonable doubt standard applicable to the charged crimes. To do this, the Government must put on the same sort of case concerning the uncharged acts and it must to obtain a conviction for the charged acts, but as to the former, the Government will have to meet a lower burden of proof. The Government cannot make such a showing in this case. Furthermore, to the extent the Government believes it can establish the elements of the alleged 2004-2005 offenses by clear and convincing evidence, it must first make that showing outside the presence of the jury. *Fed. R. Evid. 104(c)*. Additionally, the conduct is remote in time inasmuch as it occurred outside the statute of limitations period.

More importantly, the uncharged conduct from 2004 and 2005 does not support any of the elements of the charged offenses. The Government wrongly contends that it shows that Hussain acted willfully in the charged conduct, but the Government fails to offer a specific theory as to how the evidence accomplishes this feat. In fact, in order to even admit this evidence in the first place,

the Government must prove by clear and convincing evidence that, in 2004 and 2005, Hussain acted willfully. How then, can the Government use the 2004 and 2005 evidence to prove Hussain acted willfully in 2006, 2007, and 2008 except by resorting to the prohibited use identified in *Rule 404(b)(1)*? In this way, the similarity of the uncharged offenses to the charged ones actually demonstrates the impropriety of allowing the Government to use the uncharged conduct to prove its case against Hussain.

The Government relies heavily on *United States v. Easterday*, 564 F.3d 1004 (9th Cir. 2009) in support of its position; however, the Government again fails to explain how the admission of evidence related to alleged offenses that fall outside the statute of limitations would have any bearing upon the resolution of the willfulness issue. *Easterday* certainly provides some general legal analysis explaining the *mens rea* associated with alleged violations of *26 U.S.C. §7202*, but nothing in that case tends to support the Government's position that the 2004-2005 evidence would aid the jury in its inquiry into Hussain's mental state as to the charged offenses. The Government cites many general legal principles related to *section 404(b)* evidence, but neither advances authority for the notion that uncharged conduct outside the statute of limitations is admissible to demonstrate intent in the currently charged crimes nor offers any explanation as to how it would serve that function.

    2.    <u>Even if the evidence is admissible, it should nonetheless be excluded under Rule 403</u>.

In moving to admit this evidence, the Government overlooks the fact that, at this point, it has not yet proven any violations, let alone the alleged 2004-2005 ones. All of the charges are in the same evidentiary state. It would have to make the same sort of case as to the 2004 and 2005 tax years as it would for the 2006 to 2008 tax years. This would create a "trial within a trial" situation.

More importantly, the inclusion of evidence related to the 2004 and 2005 tax years would

Mr. Hussain's Motions *in Limine*
*U.S. v. Hussain;*
Case No. CR-13-408-JST    5

be confusing to the jury. There is a great likelihood that, if presented with this evidence, the jury might convict Hussain for alleged offenses that occurred outside the statute of limitations period. The probative value of the evidence is minimal because the evidence related to the 2004 and 2005 tax years is essentially identical to that of the years reflected in the charged counts. To prove violations in the 2004 and 2005 tax years, the Government would necessarily have to undertake the same steps as with the charged conduct, albeit with a lower burden of proof. In this way, the evidence is far more prejudicial than probative.

Finally, the evidence related to 2004 and 2005 would be cumulative and prejudicial to Hussain. The Government already has 12 counts from which it may argue there was a "consistent pattern." *See* Dkt. 66, Counts 20-31. The evidence related to the 2004 and 2005 tax years is, therefore, unnecessary and cumulative. *Fed. R. Evid. 403.* Indeed, the Government's own stated purpose for trying to admit this evidence betrays the prejudicial effect. The Government purportedly intends to prove willfulness by simply piling onto the charges already alleged against Hussain. The Government has not shown any way that adding evidence pertaining to the previous tax years will enhance its position, other than by adding unnecessary volume to an already bloated case.

    B.    The uncharged and unproven conduct related to the alleged failure to account for and pay over state taxes is not inextricably intertwined with the current charges and is not admissible under *Rule 404(b)*.

With no accompanying analysis, the Government, in a single paragraph, also argues for the admission of evidence related to the alleged failure of Mr. Hussain to account for and pay over taxes to the California State government.[2] For the same reasons described above, evidence related to the any alleged failure to account for and pay over taxes to the state should be deemed inadmissible. In

---

[2] Counsel for Hussain only received a substantial portion of the discovery related to Hussain's state taxes on May 23, 2016, well after the Government filed notice of its intention to rely on this evidence at trial.

Mr. Hussain's Motions *in Limine*
*U.S. v. Hussain;*
Case No. CR-13-408-JST     6

any event, this Court should conduct a hearing pursuant to *Rule 104* prior to admitting the evidence at trial.

      C.      The evidence related to allegations of structuring outside the statute of limitations is not inextricably related to the current charges and is not admissible under *Rule 404(b)*.

In support of its structuring case against Mr. Hussain, the Government has indicated that it intends to introduce three categories of evidence: (1) Hussain's "statements to others, including government agents, made from 2005 to 2010" to show his awareness of the reporting requirement; (2) evidence allegedly showing that, between 2005 and 2010, Hussain made and/or directed others to make deposits and withdrawals in amounts less than $10,000.00; and (3) Hussain's statements that he intended to avoid or evade tax collections by structuring his deposits and withdrawals. Dkt. 122 at 6:2-9.

The Government has not identified, with any specificity, the particular statements or what evidence of deposits or withdrawals it wishes to introduce. Because the Government has so broadly described these categories of evidence, they are too vague to be meaningfully addressed at this point. To the extent the Government intends to prove up prior acts of structuring, either as evidence that is "inextricably intertwined" with the current structuring charges or pursuant to *Rule 404(b)*, the alleged prior acts should not be admitted.

Assuming *arguendo* that the Government can prove by clear and convincing evidence that Hussain made other withdrawals/deposits of less than $10,000 between 2005 and 2010, such withdrawals/deposits are totally separate transactions, have no relationship to the current allegations, and cannot be considered inextricably intertwined. As with the evidence related to the 2004-2005 employment tax records described above, the Government contends that prior alleged structuring incidents offer insight into Hussain's intent and motive as to the current charges. The Government

Mr. Hussain's Motions *in Limine*
*U.S. v. Hussain;*
Case No. CR-13-408-JST      7

fails to offer any theory as to how prior acts demonstrate intent and motive above and beyond the numerous acts alleged in Count 32. *See* Dkt. 66 at 5. The Government would need to prove the exact same *mens rea* as to the prior acts that it is required to prove with respect to the present charges.

Again, even if the prior acts fall within the purview of *Rule 404(b)*, the evidence should still be prohibited under *Rule 403*. They are all discrete acts and, therefore, presenting additional uncharged examples of alleged structuring will be cumulative and confusing to the jury. The Government has already identified 23 transactions from 2010 that it contends violate the laws prohibiting structured transactions. Additional incidents would add nothing new to the Government's structuring case, and the jury might believe that it can convict Hussain based on his prior acts instead of the current charges. Furthermore, the prior acts, extending all the way back to 2005, are well outside the statute of limitations and too remote in time to be useful to the jury. Consequently, whatever probative value the evidence has is negligible and far outweighed by its prejudicial impact.

## II.

### MOTION TO EXCLUDE EVIDENCE OF MR. HUSSAIN'S LIFESTYLE, INCLUDING REFERENCES TO LUXURY CARS AND HIS LIVING CONDITIONS; THE GOVERNMENT HAS FAILED TO DEMONSTRATE A NEXUS TO THE CHARGED CRIMINAL ACTIVITY.

In the original Indictment, the Government included allegations that Hussain attempted to evade his personal income tax liability "by causing his corporations to pay his personal expenses including payments for luxury cars, a motor home, and motorcycles" as well as "rent [and] marriage dissolution obligations." *See* Dkt. 1 at 2-3. When the Government filed its Superseding Indictment, it elected not to include those counts, and none of the remaining counts contained references to Hussain's personal lifestyle expenditures.

The balance of the Superseding Indictment relates exclusively to corporate tax violations.

Hussain's personal spending and allegations related to his lifestyle have no direct bearing on the charges that remain pending against Mr. Hussain. The Government cannot demonstrate a nexus between the charged offenses and any aspect of Hussain's personal life. The evidence is, therefore, not relevant to the charged offenses.

Nevertheless, Hussain anticipates that the Government may seek to elicit some of this sort of lifestyle evidence at trial. In addition to being irrelevant, the lifestyle evidence should be excluded under *Rule 403*. Whatever probative value this lifestyle evidence has is substantially outweighed by its prejudicial effect. The Government's basis for relating the lifestyle evidence to the charged offenses is purely speculative. The Government has not, and cannot, show that Hussain did not already have substantial assets prior to the alleged misconduct or that Hussain personally owned the cars and other items identified by the Government.

With no factual basis for linking the lifestyle evidence to the alleged tax violations, there is a tremendous danger that a jury would impermissibly penalize Hussain based on its improper perception that he lived a lavish lifestyle, which would result in a confusion of the factual issues that the jury will be called upon to resolve. Additionally, even if the Government could demonstrate a nexus to the charged conduct, the labyrinthine evidentiary path it would be forced to travel to reach that result would lead to a massive waste of time.

Respectfully submitted,

**BAY AREA CRIMINAL LAWYERS, PC**

Dated: May 26, 2016             By: /David J. Cohen
                                    DAVID J. COHEN, ESQ.

                                Attorneys for Defendant **Muzaffar Hussain**